UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK BANKS,<br><br>        Plaintiff,<br><br>v.<br><br>SONG, et al.,<br><br>       Defendants. | Case No.: 17-CV-1460 JLS (WVG)<br><br>**ORDER: (1) DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AND (2) DISMISSING ACTION WITHOUT PREJUDICE**<br><br>(ECF Nos. 1, 2) |

  Plaintiff Frederick Banks, currently housed at Northeast Ohio Correctional Center ("NEOCC") located in Youngstown, Ohio and proceeding pro se, has filed a Complaint requesting writs of quo warranto, prohibition, and mandamus. ("Compl.," ECF No. 1.) Plaintiff has not prepaid the civil filing fee required by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). (IFP Mot., ECF No. 2.) The Court has screened Plaintiff's Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b), and determined that Plaintiff fails to state a claim on which relief may be granted.

**IFP Motion**

  All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of

$400. *See* 28 U.S.C. § 1914(a). An action may proceed despite the plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if the plaintiff is a prisoner and he is granted leave to proceed IFP, he nevertheless remains obligated to pay the entire fee in "increments," *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his action is ultimately dismissed, *see* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002). A prisoner is defined as "any person" who at the time of filing is "incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h); *Taylor*, 281 F.3d at 847.

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must also submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); *Taylor*, 281 F.3d at 850. The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forwards them to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

The Court finds that Plaintiff's IFP Motion does not have a certified copy of his trust account statements, or an institutional equivalent, for the 6-month period immediately preceding the filing of his Complaint. *See* 28 U.S.C. § 1915(a)(2); Civ. L.R. 3.2. Section 1915(a)(2) clearly requires that prisoners "seeking to bring a civil action . . . without prepayment of fees . . . shall submit a certified copy of the trust fund account statement (or

institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2) (emphasis added). Without Plaintiff's trust account statement, the Court is unable to assess the appropriate amount of the initial filing fee which is statutorily required to initiate the prosecution of this action. *See* 28 U.S.C. § 1915(b)(1). Therefore, the Court **DENIES** Plaintiff's IFP Motion.

## Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

The Court must screen every civil action brought pursuant to 28 U.S.C. § 1915(a) and dismiss any case it finds "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim").

As amended by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(e)(2) mandates that the court reviewing an action filed pursuant to the IFP provisions of § 1915 make and rule on its own motion to dismiss before directing the Marshal to effect service pursuant to Federal Rule of Civil Procedure 4(c)(3). *See* Fed. R. Civ. P. 4(c)(3); *Navarette v. Pioneer Med. Ctr.*, No. 12-cv-0629-WQH (DHB), 2013 WL 139925, at *1 (S.D. Cal. Jan. 9, 2013).

All complaints must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Id.* at 663–64 (citing *Twombly*, 550 U.S. at 556).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement of relief." *Iqbal*, 556 U.S. at 679. "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Andrews v. King*, 393 F.3d 1113, 1121 (9th Cir. 2005); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("The language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

"While factual allegations are accepted as true, legal conclusions are not." *Hoagland v. Astrue*, No. 1:12-cv-00973-SMS, 2012 WL 2521753, at *3 (E.D. Cal. June 28, 2012) (citing *Iqbal*, 556 U.S. at 678). Courts cannot accept legal conclusions set forth in a complaint if the plaintiff has not supported her contentions with facts. *Id.* (citing *Iqbal*, 556 U.S. at 679). Additionally, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

## ANALYSIS

Plaintiff filed a Complaint seeking relief from events related to an ongoing federal criminal trial in the U.S. District Court for the Western District of Pennsylvania. (Compl. 1.) Plaintiff sued a variety of Defendants including but not limited to the federal judge presiding over his criminal trial, U.S. Attorneys in the Western District of Pennsylvania, several Federal Bureau of Investigation ("FBI") agents, the FBI itself, the Central Intelligence Agency, and its director Mike Pompeo. (*Id.*)

Plaintiff alleges that Judge Mark Hornak publicly defamed him and, along with the U.S. Attorneys prosecuting the case, caused him "to be put in a mental hospital." (*Id.*) While he was in the mental hospital, several FBI agents fabricated reports against Plaintiff

for the purpose of keeping him confined in prison.  Additionally, Plaintiff alleges that various Defendants conspired to delay his criminal case by asserting that Plaintiff was mentally ill.  (*Id.*)

Plaintiff seeks damages of $855,000,000.00 plus costs, interest, and fees.  (*Id.*)  He also seeks declaratory relief against Judge Hornak to declare that the Judge has unlawfully delayed the case.  He also requests that Defendant "public and private officials be removed from office and sanctioned."  (*Id.*)

At the outset, the Court notes that Plaintiff's Complaint suffers from several defects, each of which might be grounds to deny his claim as malicious or frivolous.  In particular, the Court lacks subject matter jurisdiction, the Complaint does not state facts sufficient to plausibly state a claim, and the requested writs cannot issue.  The Court considers each in turn.

Federal district courts are courts of limited jurisdiction that "may not grant relief absent a constitutional or valid statutory grant of jurisdiction" and are "presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears."  *A–Z Int'l v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003) (internal quotations and citations omitted). The Court proceeds by examining its jurisdiction over the following Defendants: United States' agencies, the federal judge, federal prosecutors, and then all remaining defendants.

"[T]he doctrine of sovereign immunity ... 'is an important limitation on the subject matter jurisdiction of federal courts.'" *Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1087 (9th Cir. 2007) (quoting *Vacek v. U.S. Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006)).  As a sovereign, the United States "is immune from suit unless it has expressly waived such immunity and consented to be sued." *Id.* at 1087–88 (quoting *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985)).  Plaintiff bears the burden of showing that the United States has waived its sovereign immunity.  *Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995) (citing *Baker v. United States*, 817 F.2d 560, 562 (9th Cir. 1987)).  Here, Plaintiff has not demonstrated in any way that the United States, specifically the United States Attorney's Office, the United States Marshal, FBI, and CIA, has not

waived sovereign immunity. Thus, the Court lacks jurisdiction over those agencies.

Next, federal judges have judicial immunity from suit, not just from ultimate assessment of damages. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). Judicial immunity can only be overcome in two situations, neither of which is present here. "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity." *Id.* (citing *Forrester v. White*, 484 U.S. 219, 227 – 29 (1989)). "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* at 12 (citations omitted). Here, Plaintiff does not allege that Judge Hornak took any nonjudicial actions or did so without jurisdiction. For example, Plaintiff alleges that Judge Hornak "defamed publically Plaintiff when he stated at a July 10, 2017 hearing that Plaintiff was involved in millions of dollars of illegal stock trades." (Compl. 1.) Assuming such a statement is true, it was made during a hearing which is per se a judicial action. The further actions alleged by Plaintiff against Judge Hornak are all within his judicial activities. There is no jurisdiction over this Defendant.

The prosecutors in this case, U.S. Attorney Soo Song and Assistant U.S. Attorney ("AUSA") Robert Cessar, similarly hold absolute immunity due to their status as prosecutors. Absolute prosecutorial immunity only applies when a prosecutor is acting as "an officer of the court" and not when engaged in other tasks like investigative or administrative tasks. *Van de Kamp v. Goldstein*, 555 U.S. 335, 342 (2009) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 431 n.33 (1976)). Plaintiff's allegations against AUSA Cessar stem from the same judicial hearing that committed Plaintiff to a mental hospital. (Compl. 1.) His allegation against U.S. Attorney Song is that "Song personally participated in this illegal running of the ship." (*Id.*) Plaintiff has not shown how the Defendant prosecutors were acting outside their capacity as officers of the court.

The causes of action against the remaining Defendants not previously addressed are less than clear. For example, Plaintiff alleges that several FBI Special Agents and CIA Director Mike Pompeo have "delayed the criminal case to keep Plaintiff confined

unlawfully by asserting that Plaintiff was mentally ill." *Id.* The "SIS"[1] Defendants, Perez and Llyod, are alleged to have conspired to "keep Plaintiff confined by riddling the public record with lies that defamed Plaintiff's character." The Court cannot thoroughly analyze whether it has subject matter jurisdiction over these Defendants due to the vague and conclusory allegations against the remaining Defendants. This concern reflects the next major defect in the pleadings: failure to state a claim for relief under Federal Rule of Civil Procedure 8.

Rule 8 requires pleadings to state: (1) "a short and plain statement of the grounds for the court's jurisdiction" and (2) "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The Court has previously discussed the defects in jurisdiction as to some of the Defendants. To the extent that the Court may have jurisdiction over the remaining Defendants, Plaintiff does not plead sufficient allegations to allow the Court to discern a particular claim for relief. *See, e.g.*, *Cafasso, United States ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058–59 (9th Cir. 2011) (collecting cases upholding Rule 8 dismissals where pleadings were "verbose," "confusing," "distracting, ambiguous, and unintelligible," "highly repetitious," and comprised of "incomprehensible rambling"); *Schmidt v. Herrmann*, 614 F.2d 1221, 1224 (9th Cir. 1980) (upholding a Rule 8(a) dismissal of "confusing, distracting, ambiguous, and unintelligible pleadings"). Here, Plaintiff's pleading is quite brief (only one page in length), but Plaintiff essentially requests the Court to construct the grounds for relief from his pleadings. For example, various Defendants "conspired together to keep Plaintiff confined by riddling the public record with lies that defamed Plaintiff's character." (Compl. 1.) He alleges various Defendants "have delayed the criminal case to keep Plaintiff confined unlawfully by asserting Plaintiff was mentally ill." (*Id.*) These conclusory legal allegations are not

---

[1] As best the Court can infer, SIS Lt. Perez and SIS Llyod are persons employed by the federal Bureau of Prisons in Butner, North Carolina. Plaintiff's Complaint states "[w]hile at Butner SIS LT Perez and SIS Tech Llyod filed false, fabricated, and frivolous reports against Plaintiff at the request of the FBI and government." (Compl. 1.)

17-CV-1460 JLS (WVG)

sufficiently supported by plausible factual contentions.[2]

Finally, Plaintiff claims that his own criminal defense attorney, Adrian Roe, "gave Plaintiff one option which was to plead guilty and asserted that Plaintiff was 'delusional' because he declined to accept a time served plea deal and instead requested to proceed to trial and represent himself in violation of 28 U.S.C. [§] 1654 and in violation of the Fifth Amendment Due Process Clause." (*Id.*)  The Court recognizes that "[a]n accused's right to be represented by counsel is fundamental component of our criminal justice system" and "[i]t has long been recognized that the right to counsel is the right to the effective assistance of counsel."[3]  *United States v. Cronic*, 466 U.S. 648, 653–54 (1984) (second alteration in original) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970)).  The right to effective assistance of counsel extends to the plea bargaining process.  *Lafler v. Cooper*, 566 U.S. 156, 162 (2012) (citations omitted).  Ineffective assistance of counsel requires a defendant to "show that there is a reasonably probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 163 (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984)).  At the outset, the factual allegations do not support any unprofessional error—apparently Plaintiff's defense counsel told him to take a plea deal for time served.  There is nothing else alleged that demonstrates unprofessional error.  Additionally, Plaintiff's criminal proceeding is still ongoing, *see United States v. Banks*, No. 15-CR-168-MRH-1 (W.D. Pa.); thus, the result of the criminal proceeding (a predicate for a *Strickland* claim) is not settled.  The Court declines to construct an ineffective assistance of counsel claim based on these allegations.

Finally, Plaintiff requests writs of quo warranto, prohibition, and mandamus.  None is proper grounds on which relief can be granted.  For example, the writ of quo warranto

---

[2] For example, the SIS Defendants allegedly "filed false, fabricated, and frivolous reports against Plaintiff . . . to doctor his file so that he could be made to look dangerous for the sole purpose of keeping him confined in prison." (Compl. 1.)  There are no other factual allegations to support this claim.

[3] Plaintiff cites 28 U.S.C. § 1654 and the 5th Amendment as his basis for cause of action against his own attorney, but the Court construes this as a challenge to the right to effective assistance of counsel under the 6th and 14th Amendments.

has historically been "the prerogative writ by which the government (could) call upon any person to show by what warrant he holds a public office or exercises a public franchise." *Newman v. United States ex rel. Frizzell*, 238 U.S. 537, 545–46 (1915). This writ is not applicable here because quo warranto "cannot be maintained 'except at the instance of the government.'" *United States v. Machado*, 306 F. Supp. 995, 1000 (N.D. Cal. 1969) (quoting *Wallace v. Anderson*, 18 U.S. (5 Wheat.) 291, 292 (1820)). A writ of prohibition will not issue unless it "clearly appears that the inferior court is about to exceed its jurisdiction." *Smith v. Whitney*, 116 U.S. 167, 176 (1886) ("The object of a writ of prohibition is to prevent a court of peculiar, limited, or inferior jurisdiction from assuming jurisdiction of a matter beyond its legal cognizance."). The U.S. District Court for the Western District of Pennsylvania is not an inferior court to this Court and therefore, this Court cannot issue such a writ. Finally, a writ of mandamus is a drastic remedy "to be invoked only in extraordinary situations." *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980) (per curiam). A writ of mandamus "has traditionally been used in the federal courts only to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *Id.* (quoting *Will v. United States*, 389 U.S. 90, 95 (1967)). Thus, this Court cannot issue a writ to the Western District of Pennsylvania as it is not inferior.[4]

In light of the foregoing, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint. The Court will grant Plaintiff an opportunity to amend his Complaint to address the deficiencies set forth above. In the amended complaint, Plaintiff must <u>succinctly</u> specify who did what, when the events occurred, and how Plaintiff was harmed by the alleged conduct.

## CONCLUSION

---

[4] Additionally, under 28 U.S.C. § 1651(a), any writ "may issue only in aid of the jurisdiction of the issuing court." *Ortega v. Puccinelli*, 444 F.2d 530, 530 (9th Cir. 1971) (citing *Stafford v. Superior Court*, 272 F.2d 407, 409 (9th Cir. 1959)). As this Court does not have jurisdiction over Plaintiff's claims, it cannot issue any writs.

For the reasons stated above, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint (ECF No. 1). The Court **DENIES AS MOOT** Plaintiff's IFP Motion. (ECF No. 2.) Plaintiff **SHALL FILE** an amended complaint, if any, <u>on or before thirty (30) days of the date on which this order is electronically docketed</u>. *Failure to file an amended complaint within this time period may result in this case being dismissed with prejudice.*

     **IT IS SO ORDERED.**

Dated: October 25, 2017

Hon. Janis L. Sammartino
United States District Judge

17-CV-1460 JLS (WVG)